IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-105-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRANDON MICHAEL JONES, | ) | |
| | ) | |
| Defendant. | ) | |

On February 23, 2009, pursuant to a written plea agreement, Brandon Michael Jones ("Jones") pleaded guilty to conspiracy to possess with the intent to distribute controlled substances (count one), using and carrying firearms during and in relation to drug trafficking crimes and aiding and abetting (count three), and possession with intent to distribute more than 50 grams of cocaine base (crack) (count seven). See [D.E. 81, 82, 105]. On September 17, 2013, the court held Jones's resentencing hearing. See [D.E. 187-1]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Jones's objections. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 187-1] 2–5. The court calculated Jones's total offense level to be 30, his criminal history category to be V, and his advisory guideline range on count seven to be 151 to 188 months' imprisonment. See Sentencing Tr. at 2–5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 60 months' imprisonment on count one, 84 months' consecutive imprisonment on count three, and 188 months' concurrent imprisonment on count seven, which produced a total sentence of 272 months' imprisonment. See id. at 20–27 Jones appealed. On May 22, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Jones, 572 F. App'x 210 (4th Cir. 2014) (per curiam) (unpublished).

On March 1, 2016, Jones moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 198]. Jones's new advisory guideline range on count seven is 130 to 162 months' imprisonment, based on a total offense level of 28 and a criminal history category of V. See Resentencing Report. Jones requests a 162-month sentence on count seven (with no change in the 60 months' imprisonment on count one and 84 months' consecutive imprisonment on count three). See id.; [D.E. 198].

The court has discretion under Amendment 782 to reduce Jones's sentence. See, e.g., Chavez-Meza v. United States, 139 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Jones's sentence, the court finds that Jones engaged in serious criminal behavior. See PSR ¶¶ 16–22; [D.E. 106, 187, 187-1]. Moreover, Jones is a violent recidivist and has convictions for resisting a public officer, attempted larceny form a person, carrying a concealed gun, speeding to elude arrest, possession of stolen property, larceny, possession with intent to sell and deliver cocaine (two counts), and possession of a firearm by a felon. See PSR ¶¶ 24–31. Jones also has performed poorly on supervision and has no work history. See id. ¶¶ 25, 27, 44–47. Jones has taken some positive steps while incarcerated on his federal sentence, but has been sanctioned for possessing

2

drugs/alcohol, refusing to obey an order, being in an unauthorized area, and phone abuse/disruption. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Jones received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Jones's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and serious misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Jones's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 139 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Jones's motion for reduction of sentence [D.E. 198].

SO ORDERED. This 18 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge

3