IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-105-D
No. 5:12-CR-404-D
No. 5:19-CV-132-D

| | |
|---|---|
| BRANDON MICHAEL JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On April 5, 2019, Brandon Michael Jones ("Jones") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 272-month sentence [D.E. 223]. On October 11, 2019, Jones moved for appointment of counsel [D.E. 230]. On November 1, 2019, the government moved to dismiss Jones's section 2255 motion [D.E. 235] and filed a memorandum in support [D.E. 236]. As explained below, the court grants the government's motion to dismiss, dismisses Jones's section 2255 motion, and denies Jones's motion for appointment of counsel.

I.

On February 23, 2009, pursuant to a written plea agreement Jones pleaded guilty to conspiracy to possess with the intent to distribute controlled substances (count one), using and carrying firearms during and in relation to a drug trafficking crime and aiding and abetting (count three), and possession with intent to distribute more that 50 grams of cocaine base (crack) (count seven) [D.E. 82]. On August 18, 2009, the court held Jones's sentencing hearing and calculated Jones's advisory guideline range to be 444 months to life. See Sentencing Tr. [D.E. 106] 22–23.

After considering all relevant factors under section 3553(a), the court sentenced Jones to 120 months' imprisonment on count one, 120 months' consecutive imprisonment on count three, and 240 months' consecutive imprisonment on count seven, yielding a total sentence of 480 months' imprisonment. See id. at 34–35. Jones appealed [D.E. 97]. On March 3, 2010, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in the plea agreement and dismissed Jones's appeal [D.E. 115].

On July 2, 2012, Jones moved to vacate, set aside, or correct his sentence [D.E. 137]. In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the government conceded that Jones should be resentenced on count one. See [D.E. 151]. The government also consented to resentencing on count seven. See [D.E. 153] 1. On April 16, 2013, the court ordered Jones to be resentenced. See [D.E. 153].

On September 17, 2013, the court held Jones's resentencing hearing. See Resentencing Tr. [D.E. 187-1] 2–28. After considering all relevant factors under section 3553(a), the court sentenced Jones to 60 months' imprisonment on count one, 188 months' concurrent imprisonment on count seven, and 84 months' consecutive imprisonment on count three, yielding a total sentence of 272 months' imprisonment. See id. at 20–28. Jones appealed. On May 22, 2014, the Fourth Circuit affirmed the sentence. See United States v. Jones, 572 F. App'x 210, 210–11 (4th Cir. 2014) (per curiam) (unpublished)

In Jones's section 2255 motion, he contends that his section 924(c) conviction on count three violates United States v. Davis, 139 S. Ct. 2319 (2019), and United States v. Johnson, 135 S. Ct. 2551 (2015).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency.

2

See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

On October 6, 2014, the Supreme Court denied certiorari. See Jones v. United States, 574 U.S. 912 (2014). Jones's judgment became final on October 6, 2014, and his time to file a section 2255 motion ended on October 6, 2015. See Clay v. United States, 537 U.S. 522, 527 (2003). Jones, however, did not file his section 2255 motion until April 5, 2019 [D.E. 223]. Thus, Jones's section 2255 motion is untimely under section 2255(f). Furthermore, Jones has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, the court dismisses Jones's section 2255 motion as untimely under section 2255(f).

Alternatively, Jones procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Jones from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Jones has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

4

Alternatively, Jones's plea agreement contains an appellate waiver. See [D.E. 82] ¶ 2(c). In the waiver, Jones agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Jones's Rule 11 proceeding, the appellate waiver is enforceable. See [D.E. 115]; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Jones's claim falls within the appellate waiver. Accordingly, the waiver bars the claim.

Alternatively, the claim fails on the merits. In Davis, the Court analyzed the constitutionality of a section 924(c) conviction tied to an underlying "crime of violence." See Davis, 139 S. Ct. at 2327–36. Likewise, in Johnson, the Court analyzed a section 924(c) conviction predicated on a "crime of violence" grounded in the residual clause. See Johnson, 135 S. Ct. at 2555–63. In contrast, Jones's section 924(c) conviction was predicated on a "drug trafficking offense." See [D.E. 82]. Thus, Davis and Johnson do not help Jones.

After reviewing the claim presented in Jones's motions, the court finds that reasonable jurists would not find the court's treatment of Jones's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of

5

Case 5:08-cr-00105-D    Document 253    Filed 01/06/21    Page 5 of 6

appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 235], DISMISSES Jones's section 2255 motion [D.E. 223], DENIES Jones's motion for appointment of counsel [D.E. 230], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 6 day of January 2021.

JAMES C. DEVER III
United States District Judge